### ROMICK v. PERRY, COOK & TOWNER.

1. **Verdict:** EVIDENCE TO SUPPORT. The finding of the jury in this case, to the effect that the purchase of the goods in question by the plaintiff was a *bona fide* transaction, is not without support in the evidence, and, under a familiar rule, this court cannot interfere therewith.

2. **Replevin against Sheriff:** PARTIES SUBSTITUTED AS DEFENDANTS: COSTS. Where attached property is replevied from a sheriff, and the attaching creditors are substituted as defendants in the replevin suit instead of the sheriff, and the plaintiff in replevin recovers the property, he is entitled also to judgment for costs, and such cost should be taxed to the substituted defendants.

*Appeal from Taylor District Court.*

MONDAY, JUNE 11.

THE defendants commenced actions against S. B. Romick & Co., and caused attachments therein to issue, under and by virtue of which the sheriff attached a stock of goods of the value of about $5,000 as the property of Romick & Co. The plaintiff, claiming to be the owner of the goods, commenced this action to recover the same of the sheriff. The appellants were substituted as defendants in the place and stead of the sheriff. There was a trial by jury, verdict and judgment for the plaintiff, and defendants appeal.

*Mark Atkinson* and *Crum & Haddock*, for appellants.

*L. T. McCoun* and *G. L. Finn*, for appellee.

SEEVERS, J.—I. It is assigned as error that the verdict is not sustained by the evidence. The plaintiff was a witness in his own behalf, and testified that he had pur-chased the goods of Romick & Co.; and he testi-fied in what manner he had paid or agreed to pay for the same. From his own evidence it appears he was clerking for Romick & Co., and that he was the son of one and the brother of the other member of the firm; that the purchase was made

*1. VERDICT: evidence to support.*

prior to the attachments, and that he had loaned to the firm about $2,000, as evidenced by certain promissory notes which were surrendered in part payment for the goods; the plaintiff gave an account of the manner he had become possessed of the money loaned the firm. His evidence, if believed by the jury, clearly supports the verdict; for there is no evidence which materially contradicts it. The most that can be said is that the relationship of the parties, and other circumstances, tend to a greater or less extent to show the existence of badges of fraud. These might all exist, and yet the transaction be an honest one. The jury evidently so found, as did the court, when the motion for a new trial was overruled, Under such circumstances, we cannot interfere. We cannot say, under the circumstances disclosed in the record, that the evidence of the plaintiff is fasle; nor can we say that the verdict is against the evidence.

II. It is said the court erred in rendering judgment against the defendants. The plaintiff was clearly entitled to judgment against some one. The appellants were **2. REPLEVIN against sheriff.: parties substituted as defendants: costs.** the only defendants to the action at the time the verdict was returned. They made themselves parties by their own voluntary action, and caused the sheriff to be discharged, and they must abide the consequences.

AFFIRMED.